**BLD-040**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3693
_____

GOLDA D. HARRIS,
                                        Appellant

v.

WILLIAM ANDERSON; JAMES PLOUSIS; YVONNE
PIERCE; VALERIE ARTHUR; JAMES BARNES; HELEN
ADAMS; STEVEN JOHNSON; KIESHA FISHER; CELESTE
THATCHER; ALAN WALLIBILLICH; ALLEN TOMPKIN;
GARY LANIGAN; MARCUS POWELL; AMILLIA
RENSHAW; ROBIN KELLER; MELINDA MINORICS;
ROBERT LEONARD; MR. PICELLI; SARAH DAVIS;
ROBERT MORANCO; DOUGLAS D. CHIESA;
MARILYN MONTIJO; JOSEPH SOKOLOF; MATEJCEK
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-16-cv-01914)
District Judge: Michael A. Shipp
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2016

Before: AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed January 5, 2017)
_____

PER CURIAM

Golda D. Harris appeals from an order of the District Court dismissing her civil action pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will summarily affirm.

Harris, a state prisoner, filed an in forma pauperis petition for writ of mandamus in the United States District Court for the District of New Jersey. She named as "respondents" numerous New Jersey state officials, and she asked the District Court to order them to reinstate 25 private criminal complaints she had filed. In an order entered on August 8, 2016, the District Court dismissed the petition pursuant to 28 U.S.C. § 1915(e)(2)(ii). The District Court first construed Harris's filing as a civil rights action, 42 U.S.C. § 1983, concluding that she should not be able to evade § 1915's requirements by disguising her civil action as a mandamus petition. The District Court then concluded that Harris had failed to state a claim for relief. The Court acknowledged that private citizens may file a criminal complaint in New Jersey state court pursuant to state court rules, see N.J. Court Rule 3:2-1(a), but held that there is no federal constitutional right to the investigation of a private criminal complaint.

Harris appeals. We have jurisdiction under 28 U.S.C. § 1291.[1] We will summarily affirm the order of the District Court because no substantial question is

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. As explained by the District Court, any action improperly styled as a mandamus petition must meet the fee requirements of the Prison Litigation Reform Act. See Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996). "It is the nature of the document, rather than the label attached by the litigant, that controls." Id. Section 1361 of title 28 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Insofar as a request to have New Jersey state officials investigate her state criminal complaints is not a request to compel an officer or employee of the United States to perform a duty owed to her, id., the District Court properly declined to treat Harris's submission as a petition for writ of mandamus. Cf. Weaver v. Wilcox, 650 F.2d 22, 25 (3d Cir. 1981) (mandamus inapplicable since appellant brought his action against state officials, not federal officers).

The District Court also properly dismissed Harris's submission for failure to state a claim upon which relief may be granted. Section 1915 of title 28 provides that the District Court shall dismiss a case at any time if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). To state a claim under 42 U.S.C. § 1983, a plaintiff must, in pertinent part, allege a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right

---

[1] Harris mailed a notice of appeal to the Clerk's Office of this Court. Our Clerk's Office staff then forwarded the notice to the District Court with an instruction to docket it as of August 26, 2016. The appeal is thus timely filed. Fed. R. App. P. 4(a)(1)(A).

3

said to have been violated' and to [then] determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all." Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)). Generally, there is no federal constitutional right to criminally prosecute another person; that power resides exclusively in the Executive Branch of the United States Government. See United States v. Nixon, 418 U.S. 683, 693 (1974). Although New Jersey allows a private citizen to file a criminal complaint alleging a violation of state law, "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Harris's civil action pursuant to 28 U.S.C. § 1915(e)(2)(B).

4